### ANDERSON v WALDRON

Ohio Appeals, 9th Dist Summit Co

No 2751. Decided Feb 8, 1937

Sheck, Marsteller & Wendelken, Akron, for plaintiff in error.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error.

## OPINION

### PER CURIAM

Arlene Anderson was riding in an Auburn convertible coupe automobile in the possession of, under the control of, and being driven by, Dorothy Gentry, in a southerly direction on a public highway that was paved with brick to a width of 40 feet, and which was wet and very slippery.

H. D. Waldron was driving a Marmon sedan along said highway, going in the opposite direction, and said cars came into collision at approximately the center of said highway, the right front fender of the Marmon striking the left front wheel of the Auburn, which had skidded on the slippery pavement, and was in a position crosswise of said highway and headed in a westerly direction; and immediately after said striking, the right side of said Marmon car came into contact with the left side of said Auburn car with great force, and both automobiles were badly damaged thereby. As a result of said collision, both Dorothy Gentry and Arlene Anderson were very seriously injured.

Arlene Anderson brought an action against Waldron to recover for her said injuries, and the trial of the case resulted in a finding by nine of the twelve jurors that Waldron was not guilty of any negligence, and in the return of a general verdict for said Waldron, upon which judgment was thereafter entered.

The controversy is before this court on the petition in error of Arlene Anderson.

The amended answer of Waldron in the trial court, besides denying any negligence on his part, alleged that said Arlene Anderson and Dorothy Gentry were, at the

time of said collision, engaged in a joint enterprise in the operation of said Auburn automobile, and that both of them were guilty of contributory negligence.

The trial court submitted to the jury the issue of joint enterprise and the contributory negligence of Dorothy Gentry, the driver of the automobile in which Arlene Anderson was riding, and charged the jury fully in reference to said issues, both before argument and in the general charge, but nowhere in the charge did the court instruct the jury as to the rights of Arlene Anderson on the theory that she was simply a passenger, or guest of Dorothy Gentry, in said automobile; that is to say, nowhere in the charge did the court affirmatively and plainly say to the jury that if Arlene Anderson was such guest and her injuries were proximately caused by the combined negligence of Dorothy Gentry and Waldron in the operation of the respective automobiles, she had a right to recover against said Waldron; and although the jury was instructed to answer an interrogatory as to whether Arlene Anderson and Dorothy Gentry were engaged in a joint enterprise at the time said collision occurred, the jury failed to answer said interrogatory, and the court did not require it to do so.

We have read and carefully considered the entire record, and we have reached the conclusion that there was no evidence which justified the submission by the court of the issue as to joint enterprise, and that there was no evidence of contributory negligence on the part of Arlene Anderson.

We hold that it was error for the trial judge to charge the jury before argument on the subject of joint enterprise, as set forth in request No. 5 made by counsel for Waldron, and also that it was error for the trial judge to give request No. 8 before argument.

We hold that the court should have refused to charge both before and after argument on the subject of joint enterprise, and should have plainly set forth and given Arlene Anderson the benefit of her rights under the law as a passenger or guest in said automobile, and that the failure to do so accounts in some degree for the return by the jury of a finding that H. D. Waldron was not guilty of any negligence, which we unanimously hold to be manifestly against the weight of the evidence.

Under the circumstances, we hold that the affirmative errors in the charge of the court were prejudicial, and for such errors, and because the verdict and judgment are manifestly against the weight of the evidence, the judgment is reversed, and the cause is remanded for a new trial.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.